

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00157-CR
### NO. 02-15-00158-CR

TIFFNEY LYNNE MCADOO                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1247940R, 1247941R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tiffney Lynne McAdoo committed two offenses of theft of $1,500 to $20,000 from an elderly person for which she was sentenced in each case to five years' confinement, probated for five years. She attempts to appeal from the judgments revoking her community supervision, sentencing her to thirty months' confinement in each case, and ordering the sentences to run concurrently. In

---

[1]See Tex. R. App. P. 47.4.

each case, McAdoo signed a waiver of her right to appeal the revocation of her community supervision. The trial court's certifications of her right to appeal state that each case "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

On May 18, 2015, we notified McAdoo that these appeals may be dismissed based on the trial court's certifications unless she or any party desiring to continue the appeals filed a response on or before May 28, 2015, showing grounds for continuing the appeals. *See* Tex. R. App. P. 25.2(d), 44.3. McAdoo filed a response, but it does not show grounds for continuing the appeals.[2]

In accordance with the trial court's certifications, we therefore dismiss these appeals. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2015

---

[2]McAdoo complains of the restitution that she was ordered to pay and argues that the trial court "went on record stating [i]t would not seek restitution in these cases." McAdoo's waivers, however, state that she waived her right to have a court reporter make a record of the revocation proceedings.